# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. **10-31 PJM** |
| JASON THOMAS SCOTT, | * Civ. No. 14-1982 PJM |
| Defendant. | * |

## MEMORANDUM OPINION

Jason Scott is currently serving a prison term of 100 years following his conviction in 2012 on several counts, including numerous burglaries, home invasions, and carjackings. A frequent filer, Scott has submitted a series of *pro se* motions, as well as an unopposed motion to vacate under 28 U.S.C. § 2255 that has been supplemented by counsel. For the reasons that follow, the Court will **GRANT** the motion to vacate and **DENY** all the other *pro se* motions.

## I. Background

Between February 2007 and July 2009, Scott committed 29 residential burglaries, one commercial burglary, and nine home invasions, all but one occurring in Prince George's County, Maryland. As a result, on July 18, 2011, a jury convicted him on all 11 counts with which he was charged, including multiple counts of using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).[1] On January 10, 2012, the Court sentenced Scott to a total term of 100 years of imprisonment, consisting of 180 months as to Counts One, Three, and Five (carjacking), all concurrent; 60 months as to Count Seven (theft of firearms), concurrent; 216 months as to Count Eight (sexual exploitation of a minor), concurrent; 120 months as to Counts Ten and Eleven (unlawful possession of firearm and silencer), concurrent; 7 years as to count Two

---

[1] In addition, on September 25, 2013, Scott pleaded guilty to two counts of first-degree murder in case number CT1009454X in the Circuit Court for Prince George's County. He was sentenced to two concurrent life terms, with all but 85 years suspended, to be served concurrently to his federal sentence.

(use of firearm during crime of violence), consecutive; and 25 years as to Counts Four, Six, and Nine (use of firearm during crime of violence), all consecutive. ECF No. 135. Scott appealed the judgment and sentence, which the Fourth Circuit affirmed on June 26, 2013. *United States v. Scott*, 531 F. App'x 283 (4th Cir. 2013).

On June 16, 2014, Scott filed a *pro se* motion to vacate under 28 U.S.C. § 2255. ECF No. 161. On August 22, 2014, the Government responded in opposition, ECF No. 169, and on October 3, 2014, Scott filed a reply. ECF No. 172. Between February 18 and May 28, 2015, Scott filed six *pro se* motions seeking to amend or supplement his original motion to vacate. ECF Nos. 173, 174, 178, 179, 180, 181.

On March 28, 2016, the Court appointed a federal public defender to serve as Scott's counsel, who filed a supplemental motion to vacate on June 10, 2016, asking for leave to supplement Scott's petition "at a later time." ECF No. 186. On August 11, 2016, Scott filed yet another *pro se* motion, this time asking the Court to dismiss or disregard the supplemental motion to vacate filed by appointed counsel on his behalf and instead to vacate his conviction based on his previous *pro se* filings. ECF No. 192. On March 18, 2020, Scott (through counsel) filed a motion to supplement and supplemental motion to vacate under 28 U.S.C. § 2255. ECF No. 198. The Court directed the Government to file a response, which the Government did on November 23, 2020. ECF No. 205. On December 30, 2020, Scott once again again submitted a *pro se* motion, this time seeking leave to amend his original motion to vacate. ECF No. 208.

In addition to the motion to vacate and related filings described above, Scott has unleashed three recent *pro se* motions. On August 11, 2020, he filed a *pro se* petition for a writ of coram nobis or, alternatively, a motion to amend his motion to vacate to add a new ground of prosecutorial misconduct, ECF No. 199, and an attendant memorandum, ECF No. 200. On September 2, 2020,

Scott filed another *pro se* supplemental memorandum, ECF No. 201, as well as a motion for disclosure of grand jury proceedings, ECF No. 202. On March 1, 2021, Scott filed a second *pro se* petition for a writ of coram nobis. ECF No. 209.

On May 12, 2021, the Court requested clarification from defense counsel as to whether he was in fact representing Scott with respect to the Supplemental Motion to Vacate and, in particular, whether that motion was still properly before the Court in light of Scott's subsequent *pro se* request for the Court to dismiss or disregard it. Mem. Order, ECF No. 211. On May 24, 2021, counsel confirmed for the Court that he represents Scott as to the Supplemental Motion to Vacate (but not as to any of the *pro se* motions) and that Scott had agreed to "withdraw[] his request for the Court to disregard the Motions" filed through counsel. Response to Mem., ECF No. 212. The Court, then, considers the motion to vacate and Scott's various *pro se* motions.

## II. Motion to Vacate under 28 U.S.C. § 2255

In light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Scott asks this Court to vacate his conviction on Count Nine, which charged Scott with using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). Scott's underlying crime of violence consisted of two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). Scott argues, and the Government concedes, that after *Davis*, sexual exploitation of a minor does not qualify as a crime of violence under section 924(c). That does invalidate Scott's conviction on Count Nine.

Section 924(c)(1)(A) prohibits using or carrying a firearm "during and in relation to" or possessing a firearm "in furtherance of" any federal "crime of violence or drug trafficking crime." Under section 924(c)(3), a crime of violence is a felony that (A) "has as an element the use, attempted use, or threatened use of physical force" or (B) "by its nature, involves a substantial risk

3

that physical force . . . may be used in the course of committing the offense." In *Davis*, the Supreme Court held that the residual clause (B) is unconstitutionally vague. 139 S. Ct. at 2323. Thus, Scott's section 924(c) conviction cannot be sustained under that clause. The remaining provision, the force clause (A), requires the underlying offense to have as a statutory "element the use, attempted use, or threatened use of physical force," based on a categorical determination that *all* conduct criminalized by the statute qualifies as a crime of violence. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

Scott's section 924(c) conviction is based on sexual exploitation of a minor, in violation of section 2251, which in relevant part punishes "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." Because this offense can be committed by enticement, it does not satisfy the force clause of section 924(c)(3). Accordingly, the Court **GRANTS** the motion to vacate and **VACATES** Scott's conviction on count nine.[2]

Because Count Nine constituted a substantial portion of Scott's 100-year sentence and was imposed as part of "a disposition in which the sentences on the various counts form part of an overall plan," the Court finds it appropriate to resentence Scott on the remaining ten counts on which he was convicted. *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017); *see generally United States v. Hillary*, 106 F.3d 1170, 1171–72 (4th Cir. 1997) (holding that district courts, in awarding section 2255 relief, have "broad and flexible" authority "to fashion an appropriate remedy," including resentencing on remaining counts of conviction).

---

[2] Having granted the requested relief, the Court will **DENY AS MOOT** all subsequent *pro se* motions relating to the motion to vacate.

4

### III. Other *Pro Se* Motions

The remaining motions, all filed *pro se*, include two petitions for a writ of *coram nobis* and a motion for disclosure of grand jury proceedings.

As to the former, *coram nobis* relief is extremely rare and only granted "under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947))); *accord In re McDonald*, 88 F. App'x 648 (4th Cir. 2004) (unpublished table decision). But the Court need not consider whether that exceedingly high burden is met here because, if a defendant "is 'in custody,' he is procedurally barred from seeking *coram nobis* relief." *Parker v. United States*, No. 09-cv-3360, 2010 WL 117743, at *1 (D. Md. Jan. 7, 2010); *see United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954) (limiting *coram nobis* relief to "instances when the defendant continues to suffer from his conviction even though he is out of custody"). Accordingly, the Court will **DENY** the two petitions **WITHOUT PREJUDICE**.

Finally, as to the motion for disclosure of grand jury proceedings, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that a court may authorize disclosure of a grand jury matter at "the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." A showing under Rule 6(e)(3)(E)(ii) "is usually difficult to make unless the defendant already knows what took place before the grand jury, making it predictable that most requests based on this ground are denied." 1 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 108 (4th ed. 2008). Scott's motion is in no sense one of the "rare exceptions." *Id.*

He has failed to make the required showing. He argues that he is "entitled to the grand jury transcripts" because of alleged acts of misconduct by the Government. *See* ECF No. 202, at 1–2. Some of these allegations were raised through counsel and denied at trial. *See, e.g.*, Motion to Dismiss Third Superseding Indictment Depending on Whether the Government Improperly Used Immunized Testimony before the Grand Jury (Apr. 19, 2011), ECF No. 50. While others of his allegations were first raised in his original *pro se* motion to vacate, ECF No. 161, Scott offers no evidence in support of these allegations in any of his pleadings. The Court will **DENY** the motion **WITH PREJUDICE**.

## IV. Conclusion

The Court **GRANTS** Scott's motion to vacate his conviction on Count Nine pursuant to 28 U.S.C. § 2255 and will order resentencing on the remaining counts. The Court **DENIES** all pending *pro se* motions. A separate order will issue.

June 8, 2021

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6